UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Trustees of the New York City District Council of
Carpenters Pension Fund, Welfare Fund, Annuity
Fund, and Apprenticeship, Journeyman Retraining,
Educational and Industry Fund, *et al.*,

                Petitioners,

–v–

Regal USA Construction Inc.,

                Respondent.

17-CV-4594 (AJN)

MEMORANDUM
OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 1 2 2018

ALISON J. NATHAN, District Judge:

On June 19, 2017, Petitioners filed the instant petition to confirm an arbitration award, including supporting papers and a memorandum of law in support of confirmation. Dkt. Nos. 1, 4. The papers were served both by first class mail and by personal service. Dkt. Nos. 9-11. After Respondent failed to respond, or even appear, the Court *sua sponte* extended the deadline for opposition to August 4, 2017, *see* Dkt. No. 12, and the extension order was also served upon Respondent by first class mail. Dkt. No. 13.

Nonetheless, Respondent has neither appeared nor responded. Given this, the Court will now consider the motion to confirm the arbitration award. The motion is GRANTED.

**I.    Standard of Review**

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). The court "'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Id.* (quoting 9 U.S.C. § 9). The Second Circuit has recognized that "an extremely deferential standard of review" is appropriate in the context of arbitral awards "[t]o

1

encourage and support the use of arbitration by consenting parties." *Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 138-39 (2d Cir. 2007). Accordingly, "[o]nly a 'barely colorable justification for the outcome reached' by the arbitrator[] is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). The award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* at 110 (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)) (internal quotation marks omitted). "Even if a court is convinced the arbitrator's decision is incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority." *Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 75 (2d Cir. 1997).

When confirmation of the award is unopposed, "'the petition and the accompanying record' become 'a motion for summary judgment.'" *Trustees of the UNITED HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H. Blair* at 110). Thus, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair* at 110 (quoting *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted). If the evidence is insufficient to meet this burden, summary judgment must be denied even without opposing evidentiary matter. *See id.*

## II. The Court Grants Petitioners' Motion to Confirm the Arbitration Award

Petitioners have presented undisputed evidence demonstrating that arbitration was appropriate in this case. At all relevant times, Respondent was a member of the Cement League, an association of concrete contractors, all of whom were bound to a collective bargaining agreement ("CBA") with the Petitioners. *See* Dkt. No. 1 ¶¶ 9-10, Exs. A & B. Pursuant to this CBA, Respondent was required to remit contributions to the Petitioners' ERISA and Charity Funds and to open its books and records for an audit to ensure it was making the required benefit contributions. *Id.* ¶¶ 12-16, Ex. B, Art. XVI, Ex. C. An audit of Respondent's books and records

revealed the failure to pay the required amounts, and the dispute over these payments was submitted to arbitration as required by the CBA. *Id.* ¶¶ 17-18.

The arbitrator held a hearing on September 22, 2016, and there was no appearance made on behalf of Respondent. *Id.* Ex. E at 1-2 (arbitrator's decision). There is no indication of any service or notice defect, nor is there any suggestion that Respondent objected to the arbitration proceedings. *Id.* Ex. D (notice of hearing), Ex. E at 1-2. Based on the undisputed "substantial and credible" evidence Petitioners submitted, the arbitrator rendered a total award of $33,712.37 to Petitioners on October 4, 2016. *See id.* ¶¶ 19-20 & Ex. E at 2-3. The arbitrator also found that interest of 5.5% will accrue on the aggregate amount of the award from the date of issuance. *See id.* ¶ 21 & Ex. E at 3. As of June 19, 2017, the date of Petitioners' filing, Respondent had not paid any portion of the award. *Id.* ¶ 22. The award has not been vacated or modified and no application for relief by Respondent is pending. *Id.* ¶ 23.

Having reviewed Petitioners' submissions with requisite deference to the arbitrator, the Court finds more than the required "barely colorable justification" for the arbitrator's award. *D.H. Blair*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797)). The grounds for the arbitrator's decision can be inferred from the record, and are justifiable in light of what has been submitted. Accordingly, the award is confirmed in its entirety.

Additionally, "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)). Accordingly, Petitioners are also awarded post-judgment interest in accordance with statutory provisions.

### III. Attorney's Fees and Costs

Petitioners also move for attorney's fees and costs. "[C]ourts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Abondolo v. H. & M.S. Meat Corp.*, No. 07-CV-3870(RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting

3

cases); *see also First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338*, 118 F.3d 892, 898 (2d Cir. 1997). Moreover, the CBA provides that Petitioners are entitled to reasonable attorney's fees and costs. *See* Dkt. No. 1 ¶¶ 24-25 & Ex. C Secs. IV-V (collection policy). The Court will therefore award Petitioners' reasonable attorney's fees and costs.

While the Court has discretion to determine a reasonable fee, it must abide by procedural requirements for establishing the amount. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The lodestar amount – the product of multiplying a reasonable hourly rate and a reasonable number of hours required by the case – "creates a presumptively reasonable fee." *Id.* (internal quotation marks and citations omitted). To support their requested award, Petitioners' attorneys must submit "contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Innovative Furniture Installations, Inc.*, No. 14-CV-2508(ER), 2015 WL 1600077, at *5 (S.D.N.Y. Apr. 9, 2015) (internal quotation marks and citation omitted).

Petitioners were represented by two attorneys from the law firm of Virginia & Ambinder, LLP. Associate Julie Dabrowski billed her time at a rate of $225 per hour. Dkt. No. 1 ¶ 27 & Ex. F (billing records). Todd Dickerson, "Of Counsel" at Virginia & Ambinder, billed his time at a rate of $300 per hour. *Id.* ¶ 28 & Ex. F. These rates have generally been found to be reasonable within the district. *See, e.g., Innovative Furniture*, 2015 WL 1600077 at *5; *Trustees of the N.Y. Dist. Council of Carpenters Pension Fund v. Anthony Rivara Contracting, LLC*, No. 14-CV-1794(PAE), 2014 WL 4369087, at *5 (S.D.N.Y. Sept. 3, 2014). This Court has also previously approved similar rates. *See, e.g., Trustees of the N.Y. Dist. Council of Carpenters Pension Fund v. Harbor Island Contracting Inc.*, No. 14-CV-9507(AJN), 2015 WL 5146093, at *2-3 (S.D.N.Y. Aug. 31, 2015); *Trustees of the N.Y. Dist. Council of Carpenters Pension Fund v. Pisgah Builders, Inc.*, No. 16-CV-2259(AJN), 2016 WL 4435245, at *2 (S.D.N.Y. Aug. 19, 2016). Petitioners' attorneys billed a total of 4.7 hours on this case, amounting to $1,095 in attorney's fees, and expended $75 in service fees. Dkt. No. 1 ¶¶ 31-32 & Ex. F. This is a lower amount of

time than previously approved amounts in similar cases. *See, e.g., Harbor Island*, 2015 WL 5146093, at *3. The fees and costs requests are reasonable, adequately supported, and Petitioners' application is GRANTED.

## IV. Conclusion

Petitioners' motion to confirm the arbitration award of $33,712.37 is GRANTED with interest to accrue at the rate of 5.5% from the date of the arbitration award, and with post-judgment interest as required by 28 U.S.C. § 1961. Petitioners' application for $1,095 in attorney's fees and $75 in costs arising out of this petition is also GRANTED. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: January 12, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge